THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Billy Norton
 and Donna Norton, Appellants,
 
 
 

v.

 
 
 
 Newberry Home
 Center, Inc. and Wayne Turner, Defendants,
 Of whom, Robert
 A. Turner and William B. Ackerman III, as Personal Representatives of the
 Estate of Wayne Turner, are the, Respondents.
 
 
 

Appeal From Newberry County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2011-UP-563  
 Heard November 2, 2011  Filed December
13, 2011

AFFIRMED

 
 
 
 Dorothy F. Reed, of Columbia, for
 Appellants.
 Mindy Westbrook Zimmerman, of Newberry,
 for Respondent.
 
 
 

PER CURIAM: Billy
 and Donna Norton appeal the trial court's ruling in favor of Wayne Turner on
 their negligence cause of action arising from the delivery and set-up of their
 mobile home.  We affirm.  
1) Duty:  The Nortons
 argue the trial court erred in ruling they presented insufficient evidence that
 Turner was an agent of Newberry Home Center (NHC).  "An agent is one
 appointed by a principal as his representative and to whom the principal
 confides the management of some business to be transacted in the principal's
 name, or on his account, and who brings about or effects legal relationships
 between the principal and third parties."  Colleton Cnty. Taxpayers
 Ass'n v. Sch. Dist. of Colleton Cnty., 371 S.C. 224, 239, 638 S.E.2d 685,
 693 (2006) (quoting Thompson v. Ford Motor Co., 200 S.C. 393, 414, 21
 S.E.2d 34, 43 (1942)).  The trial court did not find Turner was not acting on
 behalf of NHC, but rather was explaining there was insufficient evidence Turner
 was acting pursuant to a separate agreement with the Nortons.  There is no
 evidence in the record whether Turner was an employee of NHC or an independent
 contractor.  We find no error in that ruling.  
The Nortons argue that even
 as an agent of NHC, Turner can be held liable for his own negligent acts.  The
 court recognized this principle of law in its order on Turner's motion to alter
 or amend.  
Finally, the Nortons assert under
 this issue that because Turner undertook the responsibility of moving and
 setting up the Nortons' home, he owed them a duty of care.  The Turners never
 argued to the trial court a duty by undertaking.  This issue is not preserved.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733
 (1998) ("It is axiomatic that an issue cannot be raised for the first time
 on appeal, but must have been raised to and ruled upon by the trial judge to be
 preserved for appellate review.").
2)  Breach of Duty:  The
 Nortons assert Turner breached his duty of care by not properly setting up the
 mobile home and completing the trim work, and the home was damaged as a
 result.  The record is devoid of any evidence of the scope of Turner's
 responsibilities in the delivery and set up of the home.  Although Mr. Norton
 stated three men worked for Turner, the trial court may not have believed this
 testimony.  "The fact that testimony is not contradicted directly does not
 render it undisputed."  Okatie River, L.L.C. v. Southeastern Site Prep,
 L.L.C., 353 S.C. 327, 338, 577 S.E.2d 468, 474 (Ct. App. 2003).  The
 Nortons provided no clarification if the other men working with Turner were
 Turner's employees or NHC's employees.  In addition, Mr. Norton stated one of
 the other men was supposed to work on the trimming.  "An employee may not
 generally be held liable to a third party for a fellow employee's acts unless he
 or she was directly involved in some way that would support the imposition of
 liability."  27 Am. Jur. 2d Employment Relationship § 410 (2004).  
There is no evidence Turner
 prepared the home for transport and chose to move the home without plastic over
 the open side.  In addition, we find no error in the trial court's ruling that
 there was no evidence in the record to support the Nortons' claims that
 Turner's acts proximately damaged the home.  As fact finder, the trial court
 was free to disregard Mr. Norton's opinion that the move caused the damage.  See Okatie River, L.L.C., 353 S.C. at 338, 577 S.E.2d at 474 ("The
 court is not required to accept undisputed evidence as establishing the truth
 where there is reason for disbelief.").  Furthermore, "expert
 evidence is required where a factual issue must be resolved with scientific,
 technical, or any other specialized knowledge. . . .  [A] lay witness may only
 testify as to matters within his personal knowledge and may not offer opinion
 testimony which requires special knowledge, skill, experience, or training."
  Watson v. Ford Motor Co., 389 S.C. 434, 445-46, 699 S.E.2d 169, 175
 (2010).  
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur.